UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TERRY DAUM,

                Petitioner,

                                                          MEMORANDUM AND ORDER

      -against-                                     17-CV-239 (RPK) (LB)

STEWART T. ECKERT,

                Respondent.
------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

       Petitioner is a state prisoner at the Sullivan Correctional Facility in Fallsburgh, New York. Proceeding *pro se*, he filed a petition for a writ of habeas corpus in federal court, arguing principally that state prosecutors violated his due process rights by failing to disclose exculpatory evidence. Petitioner's habeas case has been stayed pending the resolution of a motion in state court that seeks to vacate his convictions on the same grounds. Petitioner has now filed a letter seeking release from prison due to the COVID-19 pandemic. In a separate letter, he also asks that the stay in this federal habeas case be lifted. As explained below, I conclude that petitioner is not entitled to release due to COVID-19. I also decline to lift the stay on adjudication of petitioner's habeas petition at this time. Accordingly, petitioner's requests are denied.

## BACKGROUND

       Petitioner Terry Daum was convicted of four counts of first-degree robbery and four counts of second-degree robbery in state court and sentenced to an aggregate prison term of 45 years. His convictions were affirmed on appeal, *People v. Daum*, 278 A.D.2d 505 (2d Dep't 2000), and the New York Court of Appeals denied discretionary review, 96 N.Y.2d 757 (2001). Daum has filed

many federal and state petitions seeking post-conviction relief. Most recently, in 2016, Daum obtained leave from the Second Circuit to file this lawsuit as a successive federal habeas petition. *See* Mandate from the Second Circuit Court of Appeals (Dkt. #1-1). Daum's current habeas petition alleges that state prosecutors violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that an eyewitness could not identify Daum in a photo array. *See* Second Habeas Corpus Application Pursuant to 28 U.S.C. § 2244(b) (Dkt. #1). Daum had previously filed a motion in state court under New York Criminal Procedure Law Article 440 that raises the same *Brady* challenge and that motion remains pending. Review of Daum's current habeas petition is stayed while the state court considers the Article 440 motion presenting the *Brady* claim. *See* Order of July 4, 2017 (Dkt. #15).

Daum has sought release from both state and federal courts due to the COVID-19 pandemic. In April 2020, Daum filed a habeas petition in state court under Article 70 of the New York Civil Practice Law and Regulations ("CPLR") arguing that he should be released because he is at risk of contracting COVID-19 in prison and would suffer grave health consequences if infected due to his underlying health conditions. *See* Petition for Writ of Habeas Corpus Pursuant to Article 70 ("Article 70 Pet.") ¶¶ 5, 24-26 (Dkt. #38). Daum argues that his continued detention violates the Eighth Amendment. *Id.* ¶¶ 23, 27.

In June 2020, Daum submitted a letter to this Court enclosing a copy of his April state petition and requesting relief "based on the grounds presented in the attached petition for a writ of habeas corpus pursuant to Article 70." *See* Letter from Terry Daum Requesting Emergency Relief ("Letter for Emergency Relief") 1 (Dkt. #38). The letter also argued that the state court's delay in resolving his outstanding motion to vacate his conviction denied him "a meaningful review" of his claims. *Ibid.* In a follow-up letter, Daum requested that the stay of his federal habeas case be

lifted. *See* Letter from Terry Daum Re: Letter Petition ("Follow-Up Letter") ¶ 1 (Dkt. #44). He also argued that the state court was violating his due process rights by failing to timely decide his motion to vacate his conviction. *Id.* ¶ 11; *see* Supplemental Reply ¶ 5 (Dkt. #50). I directed the government to respond to Daum's letter request for release from custody, *see* Order to Show Cause (May 22, 2020), and authorized the government to obtain limited discovery of petitioner's medical records for the purpose of assessing and responding to his claims, *see* Order (June 11, 2020).

## DISCUSSION

Construed liberally because of Daum's status as a *pro se* litigant, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006), Daum's letter concerning COVID-19 can be read as a new habeas petition challenging the conditions of Daum's confinement on Eighth Amendment grounds or as a motion for bail pending the resolution of Daum's outstanding habeas petition. *See* Order to Show Cause (May 22, 2020). Under either construction, Daum has not established a valid basis for me to order his release from state custody. I am also unpersuaded that the stay in Daum's habeas case should be lifted at this time.

1. Daum Is Not Entitled To Release From Custody If His COVID-19 Letter Is Construed As A Habeas Petition

Daum has not established an entitlement to release if his COVID-19 filing is construed as a habeas petition that challenges Daum's conditions of confinement on Eighth Amendment grounds pursuant to 28 U.S.C. § 2254, *see* Order to Show Cause (May 22, 2020), because he has not satisfied the exhaustion requirements that govern relief under that provision. As a general matter, a federal court cannot grant a writ of habeas corpus to a person in custody based on a state court judgment if the applicant has not exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In other words, a state prisoner "must give the state courts an opportunity to act on his claims before he presents those claims to a

3

federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842.  This exhaustion requirement is not satisfied until a prisoner has completed a full round of the state's appellate review process.  *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (quoting *O'Sullivan*, 526 U.S. at 845).  Petitioner has not exhausted his Eighth Amendment claim in state court.  By his own admission, petitioner only recently filed an Article 70 habeas petition presenting the Eighth Amendment claim that he seeks to have adjudicated here.  He thus has not completed a full round of the state's appellate process on that claim.  *See Galdamez*, 394 F.3d at 73 (quoting *O'Sullivan*, 526 U.S. at 845).

Daum's case does not fall within any exception to the exhaustion requirement.  As Daum's filing of a petition under Article 70 to press his Eighth Amendment claim indicates, this is not a case in which "there is an absence of available State corrective process" to address his Eighth Amendment arguments, 28 U.S.C. § 2254(b)(1)(B)(i).  Nor has Daum demonstrated that "circumstances exist that render such [state] process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B)(ii).  The state court responded to Daum's Article 70 petition by setting a schedule for briefing that has now been completed.  *See* Follow-Up Letter ¶ 27; Steward Decl. ¶ 8 (Dkt. #46).  While Daum claims that a court clerk advised him that his application "would not be processed anytime soon, due to the pandemic," Follow Up Letter ¶ 28, the state court adjudicating Daum's case has remained open for essential business, including "emergency applications related to the coronavirus," which have been prioritized over other matters, Steward Decl. Ex. C at 1-2.  As such, state corrective processes appear capable of protecting Daum's rights, even under the strain of the COVID-19 pandemic.  Accordingly, Daum's Eighth Amendment claim is not currently eligible for federal habeas review.  My conclusion that Daum may not present his Eighth Amendment challenge to state conditions of confinement during COVID-19 to a federal

4

court without first exhausting state remedies is consistent with those of "many federal courts nationwide that have addressed similar petitions by sentenced state prisoners in response to the COVID-19 pandemic." *Griffin v. Cook*, No. 3:20-cv-589 (JAM), 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (collecting cases).

    2. <u>Daum Is Not Entitled to Bail Pending the Resolution of His Habeas Petition</u>

Daum would fare no better if his COVID-19 filing were construed as a motion for bail pending the resolution of his habeas petition raising *Brady* claims. *See* Order to Show Cause (May 22, 2020). The Second Circuit has held that federal courts have the "inherent authority to admit to bail individuals properly within their jurisdiction," including habeas petitioners. *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). But that power is "a limited one, to be exercised in special cases only." *Ibid.* To satisfy the "difficult" "standard for bail pending habeas litigation," a "petitioner must demonstrate that 'the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.'" *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) (quoting *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981)). A litigant's claims qualify as "substantial" if the litigant has shown he is "very likely to succeed" on those claims. *United States v. Manson*, 788 F. App'x 30, 32 (2d Cir. 2019); *see Morrow v. Capra*, No. 18-cv-5765 (AMD), 2020 WL 3316017, at *2 (E.D.N.Y. June 17, 2020) (explaining that a petition's claims qualify as substantial if the petition's "success 'can be predicted with confidence'") (citation omitted); *United States v. Bido*, No. 14-cr-212 (RJS), 2020 WL 2765689, at *1 (S.D.N.Y. May 28, 2020) (indicating that a litigant must present a "claim that is likely to succeed"); *see also Evangelista v. Ashcroft*, 204 F. Supp. 2d. 405, 407 (E.D.N.Y. 2002).

Daum has not made these showings. First, Daum has not demonstrated at this early stage that he is likely to prevail on claims in his federal habeas petition. The record on which to assess

5

those claims is sparsely developed at this point. To date, Daum has received permission to pursue only one claim through a successive federal habeas petition—his *Brady* claim—but he has not yet exhausted that claim in state court. It is hard to conclude that Daum is likely to show that an as-yet-unissued state decision on that claim will be so deficient as to entitle him to federal habeas relief. Even without considering the overlay of exhaustion and the limitations on federal review, it difficult to assess the strength of the claim that Daum seeks to press because, due to the stay that is in place so that Daum may exhaust his *Brady* claim, the State has not yet filed its habeas brief on the merits. After reviewing the limited materials presently available to me regarding Daum's successive federal habeas petition, including the petition itself, I cannot conclude that Daum has at this point shown "the high probability of success necessary to justify releasing Petitioner on bail while review of his claims is being completed." *Skakel v. Murphy*, No. 3:07-cv-1625 (PCD), 2009 WL 2253175, at *4 (D. Conn. July 27, 2009); *cf. Morrow*, 2020 WL 3316017, at *2 ("While the petitioner may yet prevail on his petition, it cannot be said that he has met this exacting standard [of showing a likelihood of success on the merits] at this stage of the case.").

  Nor has Daum demonstrated "extraordinary circumstances . . . that make the grant of bail necessary to make the habeas remedy effective." *Grune*, 913 F.2d at 44. Some courts during the COVID-19 pandemic have found such circumstances when litigants presented evidence that they were at high risk of serious health harms if detained during the pendency of their petitions, because of medical conditions placing them at grave risk if they contracted COVID-19 and because the litigants were held at facilities that were ill-equipped to respond to the pandemic. See, *e.g.*, *Basank v. Decker*, __ F. Supp. 3d __, 2020 WL 1953847, at *9-14 (S.D.N.Y. Apr. 23, 2020); *Coronel v. Decker*, __ F. Supp. 3d __, 2020 WL 1487274, at *3-6, 9-10 (S.D.N.Y. Mar. 27, 2020); *Jovel v. Decker*, No. 20-cv-308 (GBD), 2020 WL 1467397, at *1 (S.D.N.Y. Mar. 26, 2020).

6

But Daum has not shown comparable risks in his case. Daum falls outside the highest-risk age brackets at 47 years old, *see Older Adults*, CTRS. FOR DISEASE CONTROL AND PREVENTION,[1] and he has not shown that he suffers from health conditions that significantly heighten risk from COVID-19. His filings disclose some health issues, *see generally* Article 70 Pet., but they are not among those that the CDC has identified as creating an increased risk of severe illness from COVID-19, *see People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL AND PREVENTION.[2] Only two of the conditions that Daum suffers from—hypertension and asthma—are even addressed in the CDC's COVID-19 guidance. The former is designated as a condition that only "might" increase risk. *Ibid.* The latter similarly "might" increase risk, but only in moderate-to-severe cases. *Ibid.* Daum's health records reveal that his asthma is mild. Steward Decl. Ex. B. Daum's health circumstances thus do not appear to present "extraordinary or exceptional circumstances . . . which make the grant of bail necessary to make the habeas remedy effective," *Mapp*, 241 F.3d at 226 (quoting *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978)); *see Morrow*, 2020 WL 3316017 at *2 (same conclusion with respect to 51 year old with mild asthma citing COVID risk); *Lagan v. Edge,* No. 20-cv-2221 (AMD), 2020 WL 3403109, at *5 (E.D.N.Y. June 19, 2020) (finding extraordinary circumstances did not justify bail pending habeas review for prisoner who did not appear to be especially "medically vulnerable to COVID-19," and noting that the court was not "aware of any case in which a court released a prisoner

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited August 26, 2020). I take judicial notice of information concerning COVID-19 risk factors that has been published on the CDC's website under Federal Rule of Evidence 201. *See, e.g.*, *Fernandez-Rodriguez v. Licon-Vitale*, __ F. Supp. 3d __, __, 2020 WL 3618941, at *2 n.2 (S.D.N.Y. July 2, 2020); *Basank*, 2020 WL 1481503, at *3; *Crosby v. Petermann*, No. 18-cv-9470 (JGK), 2020 WL 1434932, at *6 n.4 (S.D.N.Y. Mar. 24, 2020). Respondent cited similar CDC data on COVID-19 risk factors in his opposition brief, *see* Mem. of L. in Opp'n to Pet'r's Mot. for Release during the Pendency of His Habeas Corpus Pet. ("Opp'n Mem.") 5 (Dkt. #46), but the CDC web sources that he cited appear to have been modified.

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 26, 2020).

because of COVID-19 without first finding that the prisoner was at serious risk of complications or death due to exposure to the virus").

Daum has also not shown that the facility in which he is housed has failed to take appropriate steps to counteract the virus. While Daum objects that the Sullivan Correctional Facility is "over populated" and "not designed for any inmate to practice social distanc[ing]," Article 70 Pet. ¶ 18, the facility appears to have implemented measures that are modeled on CDC's guidance for correctional facilities on combatting COVID-19 even when social distancing is impossible. *See What DOCCS Is Doing*, N.Y. DEP'T OF CORR. AND CMTY. SUPERVISION;[3] *see also Morrow*, 2020 WL 3316017, at *3 (noting DOCCS' "extensive statewide measures to protect incarcerated individuals and staff in line with the CDC's recommendations"). DOCCS statistics of which I take judicial notice under Federal Rule of Evidence 201 indicate that no inmate at the facility had succumbed to the virus as of August 25. *See NYS DOCCS Incarcerated Individuals COVID-19 Report by Reported Facility as of August 25, 2020 at 3:00 PM*, N.Y. DEP'T OF CORR. AND CMTY. SUPERVISION.[4] That evidence also undermines Daum's claim that the facility cannot adequately care for inmates infected with COVID-19. *See* Article 70 Pet. ¶¶ 18, 25. Because Daum has not demonstrated that the facility in which he is housed is ill-equipped to counteract the spread of COVID-19, or that he would be at an elevated risk of severe illness if he contracted the virus, the COVID-19 pandemic does not make Daum's case one in which "extraordinary circumstances . . . make the grant of bail necessary to make the habeas remedy effective." *See Graham v. Decker*, __ F. Supp. 3d __, 2020 WL 1847568, at *8 (S.D.N.Y. Apr. 13, 2020)

---

[3] https://doccs.ny.gov/doccs-covid-19-report (last visited August 26, 2020) (cited in Opp'n Mem. at 7).

[4] https://doccs.ny.gov/system/files/documents/2020/08/doccs-covid-19-confirmed-by-facility-8.26.2020_0.pdf (last visited August 26, 2020).

(declining to find exceptional circumstances on similar grounds); *Lagan*, 2020 WL 3403109, at *5 (same).[5]

      3.   <u>Daum Has Not Shown That The Stay In This Case Should Be Lifted At This Time</u>

Daum has requested that I lift the stay in his federal habeas case and decide his habeas petition before his *Brady* claim has been addressed by a state court. He suggests that delay in the state court's adjudication of his present post-conviction motion should excuse the fact that his claims have not yet been exhausted. *See* Letter for Emergency Relief 1-2; Follow-Up Letter ¶ 1. I decline to lift the stay.

A habeas petitioner's failure to exhaust state court remedies may be excused if there is an absence of state corrective process or if circumstances render that process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). Building on that statutory exception, the Second Circuit has held that when a litigant's failure to exhaust is "primarily the fault of the state court system itself," a federal court may adjudicate a claim as to which no state court determination has been rendered. *Washington v. James*, 996 F.2d 1442, 1449 (2d Cir. 1993); *see Simmons v. Reynolds*, 898 F.2d 865, 870 (2d Cir. 1990). *Washington* stated that failure to exhaust may be excused by inordinate delay in adjudicating a prisoner's direct appeal. But courts in this circuit

---

[5] Daum's objections to DOCCS's treatment of his duodenitis also do not establish "extraordinary circumstances . . . that make the grant of bail necessary to make the habeas remedy effective." *Grune*, 913 F.2d at 44. Daum's correspondence makes clear that prison medical staff are monitoring and treating that condition. His most recent letter objecting to the facility's medical care suggests that he has "been to 'sick-call' dozens of times" and has "seen the Doctor multiple times" regarding his duodenitis. *See* Update Letter from Terry Daum ("Update Letter") 1 (Dkt. #52). Indeed, he was examined by a gastroenterology specialist on May 15, 2020, *see ibid.*; Steward Decl. ¶ 9, and has been provided "multiple medications" for his duodenitis, including "three different types of anti-biotics," Update Letter 3. Daum's submissions argue that unspecified "further treatment" is needed, *see id.* at 1-2, and suggest that he wishes to return to the hospital where he was initially diagnosed, Article 70 Pet. ¶¶ 9-10, 12. Daum's objections regarding the course of treatment for his duodenitis appear to be the subject of grievances processes within the facility, Update Letter 2-3, and are also raised in Daum's Article 70 petition, which is the appropriate avenue for raising in the first instance claims that medical care in a state prison violates constitutional guarantees. The record before me, which indicates that Daum is receiving medical care for his condition and pursuing grievances regarding the scope of that treatment through appropriate avenues, does not establish "extraordinary circumstances" that warrant bail pending resolution of his distinct federal habeas claim.

9

have applied the same principle to delays in state collateral review, reasoning that "[w]hen a prisoner's diligent efforts to exhaust in the state court have been unduly frustrated, . . . the prisoner need not take additional steps in the state court before he may be heard in the federal courts." *Crawford v. Artuz*, 116 F. Supp. 2d 442, 445 (S.D.N.Y. 2000) (citing *Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989)); *cf. Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir. 1976).

Having assessed the factors typically considered in determining whether delay in a collateral proceeding excuses a failure to exhaust, I decline to excuse petitioner's failure to exhaust at this time. Courts assessing whether to excuse a litigant from completing collateral relief in state courts typically consider the length of the delay in state proceedings, which party bears responsibility for the delay, and whether the state court appears to be making progress on the petitioner's claims, among other factors. *See, e.g.*, *Fellows v. Vermont Comm'r of Corr.*, No. 5:17-cv-187, 2018 WL 1951156 (GWC), at *2-4 (D. Vt. Apr. 25, 2018); *Holley v. Brightthaupt*, No. 3:14-cv-1041 (RNC), 2014 WL 7239846, at *2 (D. Conn. Dec. 17, 2014); *Crawford*, 116 F. Supp. 2d at 445. Here, the five-year period that has passed since petitioner first sought state collateral relief on the *Brady* claim at the core of his new federal habeas petition is substantial. But a significant portion of the delay is attributable to Daum and his retained counsel. Daum initially filed his motion to vacate his conviction *pro se* in July 2015. Follow-Up Letter ¶ 2. He subsequently retained counsel, who took well over half a year to withdraw and replace Daum's *pro se* motion. *See* Update Letter of September 25, 2017 (Dkt. #17); Update Letter of May 9, 2018 (Dkt. #23). This led to further delay because the government then had to respond to Daum's new motion. Initial briefing on the new motion was finally completed in September of 2018. *See* Update Letter of September 12, 2018 (Dkt. #25). But in December, Daum requested time to decide whether to file a reply, *see* Update Letter of January 2, 2019 (Dkt. #27), and then did not file his

10

reply until several months later, *see* Update Letter of May 6, 2019 (Dkt. #29). Daum and his counsel thus caused a substantial portion of the delay of which Daum now complains. Such delay cannot be fairly charged to the State as a basis for excusing Daum's failure to exhaust state remedies. *See Brightley v. Heath*, No. 11-cv-1761 (LGD) (DF), 2015 WL 10487766, at *30 (S.D.N.Y. Jan. 6, 2015).

Moreover, there is scant evidence that the state court is neglecting Daum's case. *Cf. Crawford*, 116 F. Supp. 2d at 445. The court has been responsive to the parties, granting their requests and accepting supplemental briefing on important issues. *See* Update Letter of January 2, 2019. And the court's attorney even indicated to the parties in February—before the impediments to court operations occasioned by the COVID-19 pandemic—that the court was close to a decision. *See* Update Letter of February 11, 2020 (Dkt. #36). It thus appears that the court is actively considering Daum's case and that a decision is near. In such circumstances, "considerations of comity militate against federal intervention." *Brown v. Scully*, No. 87-cv-910, 1987 WL 15901, at *2 (E.D.N.Y. Aug. 5, 1987) (citing *Wheeler v. Kelly*, 639 F. Supp. 1374, 1381 (E.D.N.Y. 1986), *aff'd*, 811 F.2d 133 (2d Cir. 1987)). Taking these considerations together, I do not find warranted a waiver of the statutory exhaustion requirements for Daum's current federal habeas action, though I will continue to monitor the progress of state proceedings to determine whether the stay should be lifted due to delay at a future date.

In seeking to lift the stay, Daum has suggested that the state court's delay in resolving his collateral challenge violates his due process rights. *See* Follow-Up Letter ¶ 11; Supplemental Reply ¶ 5. But while lengthy delays in state collateral proceedings may excuse a failure to exhaust, a slow state collateral review process does not offend the Due Process Clause. States are not required to provide collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (citing

*United States v. MacCollom*, 426 U.S. 317, 323 (1976) (plurality opinion)). Accordingly, States do not deprive a litigant of due process when they go beyond constitutional requirements by providing a collateral-review process—even if that process is a slow one. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (because "[n]o constitutional provision or federal law entitles [petitioner] to any state collateral review . . . mere delay in receiving a ruling" on a collateral review petition does not violate due process); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) (similar); *Morales v. Sabourin*, No. 00-cv-8773 (LTS) (GW), 2002 WL 32375006, at *2 (S.D.N.Y. Apr. 30, 2002) (similar). Because Daum's due process claim lacks merit, I decline to lift the stay based on a due process argument.

## CONCLUSION

For the reasons set forth above, petitioner's application for emergency relief is denied.

SO ORDERED.

      /s/  Rachel Kovner  
      RACHEL P. KOVNER  
      United States District Judge

Dated:    Brooklyn, New York  
           August 26, 2020