UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

TERRY DAUM,                                 :

                Petitioner,           :   **MEMORANDUM DECISION**

      - v -                                  :   17-CV-239 (DC)

STEWART T. ECKERT,                          :

                Respondent.           :

------------------------------------x

APPEARANCES:     TERRY DAUM
                Petitioner *Pro Se*
                DIN 97-A-1295
                Sullivan Correctional Facility
                P.O. Box 116, Fallsburg, NY  12733

CHIN, Circuit Judge:

        On February 28, 2023, incarcerated petitioner Terry Daum deposited in the United States mail a timely motion requesting that I reconsider, under Federal Rule of Civil Procedure 60(b), my February 1, 2023, Memorandum Decision denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  For the reasons that follow, Daum's motion for reconsideration is DENIED.[1]

---

[1] This Memorandum Decision assumes familiarity with the facts underlying the Petition; the history of Daum's trial, direct appeal, and collateral proceedings; and my Memorandum Decision of February 1, 2023, to all of which I refer only as necessary.

As a threshold matter, I note that Daum moved for reconsideration after he filed a notice of appeal on February 23, 2023. *See* Dkt. 91. Nonetheless, the Court still has jurisdiction to decide the motion for reconsideration. Upon the filing of the reconsideration motion, the United States Court of Appeals for the Second Circuit will hold Daum's notice of appeal in abeyance until this Court disposes of the motion for reconsideration. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001).

Daum's motion advances numerous reasons why I should reconsider denying the Petition. Even construing the motion liberally, *see Johnson v. Fogg*, 653 F.2d 750, 753 (2d Cir. 1981), none of Daum's arguments merits relief under Fed. R. Civ. P. 60(b). I group Daum's arguments and address each group in turn.

First, much of Daum's motion rehashes arguments contained in the Petition. *See, e.g.*, Dkt. 92 at 12-13, 18-19 (alleging prejudicial inaccuracies in the testimony of Police Officer Peter Battista), 16 (discussing findings of Daum's private investigator), 19-20 (repeating arguments about Officer Battista's "DD5" report on his interview with Nicholas Saavedra), 23-24 (reiterating allegations about lineup procedures).[2] Indeed, Daum forthrightly acknowledges that his motion "does not raise

---

[2] Daum additionally complains that my previous decision "overlooked" his claim of actual innocence because it did not address what Daum takes to be substantial discrepancies among witnesses' descriptions of the robbers' height, weight, and skin color. Dkt. 92 at 23. To the extent the Petition raises a claim of actual innocence, it does so by alleging that the People withheld information about Saavedra's putatively exculpatory testimony. *See* Dkt. 1-2 at 3-4. In concluding that the state court that rejected Daum's motion under N.Y. Crim. Proc. Law § 440.10 did not reach an unreasonable decision, I discussed and rejected Daum's claim that the

a 'new' claim." *Id.* at 4.  Although Daum asserts in conclusory fashion that his case presents "extraordinary circumstances" that justify the reopening of a final judgment under Fed. R. Civ. P. 60(b)(6), *see id.* at 5-6, he does not explain how the circumstances of his case are in fact extraordinary.  *See Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022).

Second, Daum's motion refers to factual and legal claims not contained in the Petition, including allegations that the police and prosecutors intimidated witnesses, permitted the destruction of evidence, and made false representations to the trial court.  *See* Dkt. 92 at 4-5.  His motion also presents new arguments about some of the waived claims, such as whether the still photograph Oma Deonarine viewed constituted a sufficient basis for her to identify Daum in court.  *See id.* at 11-12, 13-15.  Although Daum cites directly to a footnote in which I observed that the Petition did not include these claims and that Daum has accordingly waived them, *see id.* at 5, he gives no reason this determination was incorrect.

Third, Daum implicitly concedes that his Petition failed to make the legal and factual showings necessary to obtain habeas relief.  He correctly notes, for instance, that "the factual basis for a federal habeas claim by a State incarcerated individual such as Petitioner must be developed in the state courts." *Id.* at 7.  Although Daum is plainly

---

descriptions were inconsistent as to the perpetrators' height and weight.  I did not specifically address Daum's claim about skin color, which appears in the Petition only in passing, but the state court commented extensively on Saavedra's statements to Daum's private investigator, including his observations about the robbers' skin color.  *See* Dkt. 84-2 at 71-74.

3

dissatisfied with the results of his eleven collateral challenges to his conviction under N.Y. Crim. Proc. Law § 440, he presents no reason that the state courts reached unreasonable conclusions with regard to either the law or the facts. *See* 28 U.S.C. § 2254(d) (setting forth deferential standards for federal habeas review of state adjudications).

Finally, Daum requests that this Court hold an evidentiary hearing to "expand the record" as to his claims that, *inter alia*, his *Brady* rights were violated, the lineup identification procedures were tainted, and the People's witnesses made false statements. *See* Dkt. 92 at 6-7. In support of this aspect of his motion, Daum repeatedly cites the Supreme Court's decision in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022). *See, e.g.*, Dkt. 92 at 6-7, 15. In *Shinn*, however, the Supreme Court specifically reaffirmed that evidentiary hearings are available to federal habeas petitioners in only a narrow set of circumstances. *See* 142 S. Ct. at 1734. Daum has not demonstrated that any such circumstances exist in his case. Moreover, Daum is simply incorrect about the law when he argues that 28 U.S.C. § 2254(d)(1) "requires the court to hold an evidentiary hearing or oral argument." Dkt. 92 at 22. *See Shinn*, 142 S. Ct. at 1734 ("[E]ven if all the[] requirements [of section 2254] are satisfied, a federal habeas court still is not *required* to hold a hearing or take any evidence.").

4

        For all these reasons, I conclude that Daum has failed to establish any of the bases for relief enumerated in Fed. R. Civ. P. 60(b).  Daum's motion for reconsideration is therefore denied.

        The Clerk of the Court shall mail a copy of this decision to Daum at his last known address.

        SO ORDERED.

Dated:      New York, New York
              March 6, 2023

                                          DENNY CHIN
                                          United States Circuit Judge
                                          Sitting by Designation